UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHRISTOPHER J. AUBERT                          CIVIL ACTION

VERSUS                                         NO. 20-307-RLB

BLUE CROSS AND BLUE                            CONSENT CASE
SHIELD INCORPORATED

**ORDER**

Before the Court is Defendant's Motion for Summary Judgment filed under seal on June

16, 2021. (R. Doc. 21). The deadline for filing an opposition has expired. LR 7(f). Accordingly,

the Motion for Summary Judgment is unopposed.

I.      **Background**

On or about April 22, 2020, Christopher J. Aubert ("Plaintiff") initiated this action in the

19th Judicial District Court, East Baton Rouge Parish, naming as the sole defendant Blue Cross

and Blue Shield of Louisiana Incorporated. (R. Doc. 1-2 at 2-4). Plaintiff alleges that he suffered

a stroke in 2017, and his treating physician prescribed three pieces of equipment to treat his

condition. (R. Doc. 1-2 at 2-3). Plaintiff seeks recovery with respect to the denial of benefits for

coverage of the foregoing equipment under a group high deductible major medical benefit plan.

(R. Doc. 1-2 at 2-3).

On May 19, 2020, Louisiana Health Service & Indemnity Company, d/b/a Blue Cross

and Blue Shield of Louisiana ("BCBSLA" or "Defendant") removed the action asserting that this

Court has federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims are

completely preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29

U.S.C. § 1001 *et seq.* (R. Doc. 1). There is no dispute that Plaintiff's claim for benefits arises

under Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), and is completely preempted by ERISA.[1]

On August 3, 2020, the parties jointly moved for a stay and to provide the claims administrator, BCBSLA, an opportunity to review the claims at issue and exhaust the administrative process as provided by the employee health benefit plan at issue. (R. Doc. 10). Plaintiff specifically agreed that: "At the time of the filing of the complaint, Plaintiff's claims for benefits had not been filed in accordance with the employee health benefit plan. Therefore, Plaintiff's claims have not been administratively processed by the claims administrator, BCBSLA, and no medical necessity review or appeal has been taken in regard to those claims." (R. Doc. 10 at 2).

The Court granted the motion and stayed the action to provide Plaintiff the opportunity to exhaust his remedies through the administrative process. (R. Doc. 11).  During the stay, the parties and the Court discussed Plaintiff's difficulty with obtaining necessary records from a third party in Arizona. (*See* R. Docs. 13-15). The Court maintained the stay to provide Plaintiff the opportunity to obtain these documents.

On April 19, 2021, the parties informed the Court that the necessary records from the non-party company in Arizona had not yet been obtained. (R. Doc. 16). The Court lifted the stay and advised BCBSLA to file an appropriate motion if its position remained that this action was prematurely filed.

---

[1] *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004) ("[I]f an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B).").

The instant Motion for Summary Judgment was filed into the record under seal on June 16, 2021. (R. Doc. 21). BCBLSA seeks summary judgment on the basis that Plaintiff failed to exhaust his administrative remedies as required by the employee health benefit plan at issue prior to filing suit. As stated above, Plaintiff has not filed any opposition to the instant Motion for Summary Judgment.

## II.    Law and Analysis

### A.    Legal Standards for Summary Judgment

Summary judgment shall be granted when there are no genuine issues as to any material facts and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56. When a motion for summary judgment is properly made and supported under Rule 56(c), the opposing party may not rest on the mere allegations of their pleadings, but rather must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Electric Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(c)(1). The non-movant's evidence is to be believed for purposes of the motion and all justifiable inferences are to be drawn in the non-movant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, summary judgment must be entered against the plaintiff, if he or she fails to make an evidentiary showing sufficient to establish the existence of an element essential to his or her claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Without a showing sufficient to establish the existence of an element essential to the plaintiff's claim, there can be "no genuine issue as to any material fact since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all facts immaterial." *Celotex Corp.*, 477 U.S. at 323.

A moving party must support an assertion that a fact cannot be genuinely disputed by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). Local Rule 56 details the requirements for statements of material facts. "A motion for summary judgment shall be supported by a separate, short, concise statement of material facts, each set forth in separately numbered paragraphs, as to which the moving party contends there is no genuine issue of material fact to be tried." LR 56(b)(1). "Facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly converted." LR 56(f).

B.      The Undisputed Material Facts

The Court has reviewed BCBLSA's Statement of Undisputed Facts In Support of Motion for Summary Judgment (R. Doc. 21-8), as well as the supporting Declaration of Danielle Conway (R. Doc. 21-2), the Group Benefit Plan and Schedule of Benefits that were in effect on March 7, 2017 (R. Doc. 21-3), the Group Benefit Plan and Schedule of Benefits that were in effect on May 25, 2017 and August 29, 2017 (R. Doc. 21-4); the Declaration of Jennifer Rogers (R. Doc. 21-5); BCBSLA's Health Insurance Claim Form (R. Doc. 21-6); and BCBSLA's January 4, 2021 Explanation of Benefits ("EOB") denying coverage on the May 25, 2017 and August 29, 2017 claims. (R. Doc. 21-7).

As Plaintiff does not oppose the instant Motion for Summary Judgment, and has not otherwise submitted an opposing statement of material facts, the Court concludes that the facts contained in BCBLSA's Statement of Undisputed Facts are admitted for the purposes of

determining whether summary judgment is appropriate. *See* Fed. R. Civ. P. 56(e); LR 56(g). The following facts are undisputed.

Plaintiff was insured under a BCBSLA Group Benefit Plan (the "Plan") when he purchased exercise equipment from three separate businesses on March 7, 2017 (Claim 1), May 25, 2017 (Claim 2), and August 29, 2017 (Claim 3). (R. Doc. 21-2 at 1).

BCBSLA has never received a claim for Claim 1 in a format that can be adjudicated in accordance with the terms of the Plan. (R. Doc. 21-5 at 1). The Plan required Plaintiff to submit a BCBSLA Health Insurance Claim form that includes information regarding the provider's Federal Tax Identification Number, and procedure, services and supply codes. (R. Doc. 21-6; *see also* R. Doc. 21-3 at 11, 71, 84, 85). BCBSLA has not adjudicated Claim 1 and Plaintiff has not initiated any review process with respect to Claim 1. (R. Doc. 21-5 at 1).[2]

On December 30, 2020, Plaintiff submitted Claims 2 and 3 to BCBSLA in a format that can be adjudicated in accordance with the terms of the Plan. (R. Doc. 21-5 at 2; *see also* R. Doc. 21-4 at 11, 76-77, 90-92). On January 4, 2021, BCBLSA sent Plaintiff an EOB denying Claims 2 and 3 because exercise equipment is not a covered benefit under the Plan, and informing Plaintiff that he had a right to appeal under the terms of the Plan. (R. Doc. 21-7). Plaintiff has not filed an administrative appeal of BCBLSA's denial of Claims 2 and 3. (R. Docs. 21-5 at 2).

**C.      Plaintiff Failed to Exhaust His Administrative Remedies**

BCBLSA asserts that Plaintiff's action should be dismissed because Plaintiff did not exhaust his administrative remedies.

"Claimants seeking benefits from an ERISA plan must first exhaust available administrative remedies under the plan before bringing suit to recover benefits." *See Cooperative*

---

[2] It appears that the documents that Plaintiff sought from the non-party in Arizona contain the information necessary for adjudication of Claim 1.

*Ben. Adm'rs, Inc. v. Ogden* 367 F.3d 323, 336 (5th Cir. 2000); *Bourgeois v. Pension Plan for the*

*Employees of Santa Fe Int'l Corps.,* 215 F.3d 475, 479 (5th Cir. 2000) (citing *Denton v. First*

*Nat'l Bank of Waco,* 765 F.2d 1295, 1300 (5th Cir. 1985)). "The primary purposes of the

exhaustion requirement are to: (1) uphold Congress' desire that ERISA trustees be responsible

for their actions, not the federal courts; (2) provide a sufficiently clear record of administrative

action if litigation should ensue; and (3) assure that any judicial review of fiduciary action (or

inaction) is made under the arbitrary and capricious standard, not *de novo.*" *Denton v. First Nat.*

*Bank of Waco, Texas*, 765 F.2d 1295, 1300 (5th Cir. 1985).

To properly exhaust his or her administrative remedies, a claimant must timely submit a

claim for benefits and follow the procedures set forth in the governing plan. *See McGowin v.*

*Manpower Int'l, Inc.*, 363 F.3d 556, 559-60 (5th Cir. 2004) (affirming dismissal of suit for

failure to exhaust administrative remedies where the plaintiff failed to first initiate a claim for

benefits under the terms of the applicable plan). Among other things, the exhaustion requirement

includes "filing a timely administrative appeal." *Moss v. Unum Grp.*, 638 F. App'x 347, 349 (5th

Cir. 2016). When a plaintiff has failed to exhaust all administrative remedies, dismissal of the

plaintiff's claims arising under ERISA is appropriate at the summary judgment stage. *Spriggs v.*

*Hancock Holding Co. Severance Pay Plan*, No. 18-729, 2020 WL 364122, at *5 (M.D. La. Jan.

22, 2020). It is appropriate to dismiss an ERISA action without prejudice where the plaintiff fails

to exhaust available administrative remedies. *See Lavigne v. Liberty Life Ins. United Healthcare*

*of Louisiana, Inc.*, No. 00-2606, 2001 WL 40828, at *2 (E.D. La. Jan. 16, 2001).

The Plan sets forth the requirements for the timely filing of claims and two levels of

appeal with regard to any dispute concerning payment of those claims. (R. Doc. 21-3 at 71, 77-

85; R. Doc. 21-4 at 76-77, 83-92). The Plan specifically requires Plaintiff to complete the first

level of appeal prior to instating any civil action under ERISA Section 502(a). (R. Doc. 21-3 at

78-79, 83; R. Doc. 21-4 at 84-85, 88-89). There is no dispute that (1) Plaintiff has failed to

submit the required documentation for adjudication of Claim 1 and (2) Plaintiff has failed to seek

an administrative appeal of the denials of Claims 2 and 3. Accordingly, there is no dispute that

Plaintiff failed to fully exhaust his administrative remedies prior to bringing the instant lawsuit.

## III.     Conclusion

Based on the foregoing,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment (R. Doc. 21) is

**GRANTED**. Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE** for failure to

exhaust his administrative remedies.

Signed in Baton Rouge, Louisiana, on August 17, 2021.


**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**